UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BAEZ,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>G. SWARTHOUT, et al.,<br><br>　　　　　　Respondent. | No. 2:06-cv-01667-RCT<br><br><br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

Today this Court issued its Memorandum Decision and Order dismissing and denying Anthony Baez's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter, therefore, is raised sua sponte in accordance with recently revised Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons discussed below, issuance of a certificate of appealability is DENIED as to all claims.

DISCUSSION

A certificate of appealability may be granted only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000). To meet this standard, a petitioner must demonstrate that an issue is "debatable among jurists of reason," could be resolved differently by a different court, or is "adequate to deserve encouragement to proceed further." *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Baez failed to make the required showing for any of his three habeas claims.

Baez's first claim was that his due process rights were violated because the California Board of Prison Terms ("Board") held his parole hearing eight months late. This claim was dismissed because it alleged a state-law error and did not present a federal constitutional question. Given established Supreme Court precedent that "federal habeas corpus relief does not lie for errors of state law," *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal citation omitted), this issue is not reasonably debatable.

Baez's second and third claims both alleged that the Board's decision to deny him parole violated his federal due process rights because it lacked a sufficient evidentiary basis under California law, which requires that parole denials be based on "some evidence." *See In re Shaputis*, 190 P.3d 573, 580 (Cal. 2008). However, even assuming that Baez had a federally-protected liberty interest in parole release, Supreme Court precedent establishes that, when an inmate is denied parole, the only process to which he is constitutionally entitled is an opportunity to be heard and an explanation of the reasons for denial. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979). It is clear that Baez received this. Furthermore, because the California Superior Court's decision upholding Baez's parole denial pointed to evidence in the record supporting a finding that Baez's release posed a threat to public safety, it was neither "an unreasonable application of the California 'some evidence' requirement," nor "based on an unreasonable determination of the facts in light of the evidence." *Hayward v. Marshall*, 603 F.3d 546, 562-63 (9th Cir. 2010) (en banc). Thus, the denial of Baez's second and third habeas claims is not reasonably debatable.

Baez has failed to make a substantial showing of a denial of a constitutional right with regard to any of the three claims raised in his petition for writ of habeas corpus.

Accordingly, IT IS HEREBY ORDERED that a certificate of appealability be DENIED as to all issues presented.

DATED this 7th day of October, 2010, at Seattle, Washington.

RICHARD C. TALLMAN
United States Circuit Judge
Sitting by designation